United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARRIKA GRAY, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00147 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MERRICK GARLAND | § | |
| and MICHAEL | § | |
| CARVAJAL, | § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendants Merrick Garland and Michael Carvajal, in their respective capacities as United States Attorney General and Director of the Federal Bureau of Prisons, is granted. Dkt 55.

1.   Background

Plaintiff Tarrika Gray began working as a corrections officer at the Federal Detention Center in Houston, Texas in September 2009. She was previously employed by the Bureau of Prisons as a corrections officer in New Jersey. Dkt 52 at 3 (third amended complaint). Gray alleges that over a five-year period she was sexually harassed, discriminated against on the basis of her race and gender, retaliated against, and subjected to a hostile work environment. The alleged instances were initially scattered from March to July 2011, with nothing further alleged until October 2013. After another two-year gap, a further series of alleged incidents occurred from August 2015 until April 2016. Gray was transferred to a Bureau of Prisons unit in South Carolina in 2017. Id at 8–15. The full

array of incidents is detailed by prior order. See Dkt 46 at 2–4.

Defendants previously moved to dismiss all claims asserted against them. Dkt 39. Nearly all instances alleged by Gray were found to be barred by a failure to exhaust administrative remedies, and the two that survived didn't establish a *prima facie* case for retaliation, discrimination, or a hostile work environment. Gray's claims were dismissed without prejudice and with leave to replead—with observation that further amendment might well be futile. Dkt 46.

Gray has since filed a third amended complaint to reassert her claims. Dkt 52. As amended, her complaint neither alters the claims in any substantive way nor cures the previously identified deficiencies. But it does provide additional detail as to allegations of retaliation in 2015, as follows.

*"2015*." Gray alleges that she applied for "different positions in 2015" such as correctional officer and correctional treatment specialist that aren't otherwise specified. But in retaliation for reporting the alleged incident of sexual harassment in 2011, she asserts that various unnamed superior officers "banded together to give Gray poor marks during the vouchering process." Id at 11. She contends that such conduct resulted in non-selection for these "different positions," despite being otherwise qualified. Ibid.

*November 2015*. Lieutenant Seiman allegedly informed Gray that she was being "ostracized, undermined, and retaliated against" for reporting the alleged 2011 sexual harassment incident. Gray contends that, according to Seiman, "but-for her reporting, she would have received promotions and advancement." She also says that she memorialized this in a memo to her file—but still doesn't indicate to whom (if anyone) it was sent. Id at 11–12.

Defendants now move to dismiss all claims against them with prejudice. Dkt 55.

### 2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). And the court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014), quoting *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000).

### 3. Analysis

It must be borne in mind that Gray's claims were previously dismissed without prejudice for a number of reasons, at least two of which aren't overcome by the third amended complaint.

*First,* it was previously determined that most of Gray's claims were based on incidents for which she failed to exhaust all administrative remedies. See Dkt 46 at 7–11. Indeed, Gray concedes that she didn't contact the EEOC until November 17, 2015. Dkt 52 at 15. Thus, events occurring more than forty-five days prior to the date on which her EEOC claim was made remain barred. 29 CFR § 1614.105(a)(1); see also *Merriman v Potter*, 251 F Appx 960, 965 (5th Cir 2007, *per curiam*), and *Pacheco v Rice*, 966 F2d 904, 906 (5th Cir 1992).

*Second,* it was determined that only two incidents survived the administrative exhaustion analysis. But those events as pleaded were insufficient to establish a Title VII claim. One is the incident from November 2015, when Officer Williamson allegedly sent Gray's phone calls to her telephone extension instead of to her radio. The other is the incident from January 2016, when Lieutenant Williams yelled at Gray to report to the medical department. Dkt 46 at 11. As to retaliation, it was determined that withholding a phone call and yelling aren't adverse employment actions, and further that Gray failed to sponsor any facts supporting her contention that the remaining incidents were in retaliation for her reporting in 2011 the alleged sexual harassment. Id at 12–13. As to discrimination, not only did the remaining incidents fail to show that Gray was subjected to any adverse employment action, they also didn't establish that she was treated worse than any similarly situated coworkers. Id at 13–14. And as to her claim of a hostile work environment, the remaining incidents didn't establish a *prima facie* case. Id at 15–16.

Gray's third amended complaint doesn't cure these deficiencies, as it doesn't in any substantive way alter her discrimination or retaliation claims. The prior conclusions thus pertain here, meaning that those claims necessarily fail as pleaded. As set out above, most events alleged by Gray remain barred for failure to exhaust administrative remedies. See Dkt 37 at 5–10 (prior motion) & 39-1 at 2–3 (Defendant's chart of claims by Gray). The two surviving incidents aren't sufficient to establish a legal claim. And

Gray still offers no comparators beyond the barred pregnancy claim as to those incidents. As such, her discrimination claim again fails. See Dkt 52 at 17–18.

### a. Sexual harassment claim

Gray asserts a claim for sexual harassment under Title VII. Id at 16–17. This relates to an incident that she contends also underlies her claims for reprisal and a hostile work environment. Id at 17–19.

The sexual harassment allegedly occurred in March 2011. Id at 6–7. It has previously been determined that Gray failed to administratively exhaust this claim. Dkt 46 at 6–7. Nothing in the third amended complaint alters that conclusion.

### b. Failure to promote, discrimination

Gray initially asserted a discrimination claim on the basis that the BOP twice failed to promote her. But she withdrew that claim before the administrative judge. See Dkt 55-2 at 12 n2. The Fifth Circuit holds that withdrawal of a claim during the administrative process—even if the complainant later attempts to rescind such withdrawal—constitutes failure to exhaust administrative remedies. See *White v Frank*, 895 F2d 243, 244 (5th Cir 1990, *per curiam*); see also *Bowers v Nicholson*, 2007 WL 3047223, *8 (SD Tex) (collecting cases).

Gray's failure-to-promote discrimination claim will on this basis remain barred.

### c. Failure to promote, retaliation

Gray concedes in her response that her promotion-based retaliation claim is subsumed within a certified class action. Dkt 56 at 6. That class is defined to include all BOP employees who from January 1, 1994, to the present claim to have been retaliated against on the basis that they engaged in protected EEOC activity. See Turner Class Action, *Daubert Hearing* (February 11, 2021), http://www.turnerclass.com/. EEOC regulations prohibit class members from opting out of the defined class. See *Gillespie v Crawford*, 858 F2d 1101, 1103 (5th Cir 1988, *per curiam*) (not allowing separate individual suits for claims

subject to certified class action because such suits "would interfere with the orderly administration of the class action and risk inconsistent adjudications"). As such, Gray can't pursue a promotion-based retaliation claim here.

### d. Theory regarding overall lack of career progression

Gray contends that she "was consistently denied promotions, training, and salary increases" and suffered an "overall lack of career progression." Dkt 52 at 8, 17. This claim is also subject to the requirements for exhaustion of remedies under Title VII and pleading under Rule 8.

Gray continues to allege in her third amended complaint the denial on several unspecified occasions of promotions, training, and salary increases. But Gray was required to exhaust available administrative remedies as to each instance. As such, these allegations must be dismissed because, at minimum, Gray didn't contact the EEOC within forty-five days of their occurrence or administratively pursue them. And related to further discussion below, because each alleged denial constitutes a discrete act, the continuing-violation doctrine isn't applicable. See *National Railroad Passenger Corp v Morgan*, 536 US 101, 114 (2002) (each failure to promote constitutes discrete act), *Pegram v Honeywell Inc*, 361 F3d 272, 280 (5th Cir 2004) (each failure to train constitutes discrete act) and *Price v Jefferson County*, 470 F Supp 2d 665, 685 (ED Tex 2006) (salary decisions constitute discrete acts).

### e. Pregnancy-related claim

Gray didn't include the denial of her pregnancy-accommodation request in her formal EEOC charge. She instead raised the claim in response to a motion by the BOP for a decision without a hearing. As such, the administrative judge didn't consider it. See Dkt 55-2 at 12 n2. But if reasonably related to conduct noted in the charge, such allegation might be allowed to proceed.

"Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a

formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'" *Filer v Donley*, 690 F3d 643, 674 (5th Cir 2012) (citations omitted). The Fifth Circuit instructs that such claims must involve the same type of harassment perpetrated by the same supervisors. *Stewart v Mississippi Transportation Commission*, 586 F3d 321, 329 (5th Cir 2009). A plaintiff's charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Peters v Renaissance Hotel Operating Co*, 307 F3d 535, 550 (7th Cir 2002) (quotation marks and citation omitted; emphasis in original) accord *Sosebee v Texas Alcoholic Beverage Commission*, 906 F Supp 2d 596, 601 (ND Tex 2012).

Gray's pregnancy allegation doesn't appear to relate at all to the other allegations in her charge. She instead contends that she was assigned to a stressful housing unit by Captain Galindo. Dkt 52 at 14. In her properly exhausted claims, she complains of calls transferred by Officer Williamson and yelling by Lieutenant Williams. Id at 13–14. The pregnancy allegation thus "doesn't appear to relate to all the other allegations in her charge." Dkt 46 at 10. Different supervisors were involved. And the pregnancy-related denial of accommodation is starkly different than incidents of workplace insults or discipline. Allowing the pregnancy-related claim to proceed would require the Court "to initially adjudicate new claims of discrimination," which would serve to thwart the rigorous administrative exhaustion requirements mandated by Title VII. *Ray v Freeman*, 626 F2d 439, 443 (5th Cir 1980) (quotation marks and citations omitted).

As such, the pregnancy-related claim remains barred for failure to exhaust administrative remedies.

### f.   Continuing-violation theory

The Fifth Circuit cautions, "This theory of continuing violation has to be guardedly employed because within it are the seeds of the destruction of statutes of limitation in Title VII cases." *Merriman*, 251 F App'x at 965 (citation omitted). It further holds that "the continuing violation

doctrine does not automatically attach in hostile work environment cases, and *the burden remains on the employee* to demonstrate an organized scheme led to and included the present violation." *Tillman v Southern Wood Preserving of Hattiesburg Inc*, 377 F App'x 346, 349 (5th Cir 2010, *per curiam*) (citations omitted) (emphasis in original). "The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Roberts v Unitrin Specialty Lines Insurance Co*, 405 F App'x 874, 877 (5th Cir 2010, *per curiam*) (citation omitted).

When available, the doctrine applies only to claims of a hostile work environment. The Supreme Court instructs that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" constitute "separate actionable 'unlawful employment practice[s]'" that must be timely filed. *Morgan*, 536 US at 114. As such, the continuing-violation doctrine doesn't apply to Gray's claims for retaliation or discrimination. *Warnell v BP Products North America*, 2015 WL 4064171, *5 (SD Tex).

The continuing-violation doctrine provides that otherwise time-barred acts of discrimination can be considered when a plaintiff alleges specific facts which demonstrate an "organized scheme." *Williams v E.I. du Pont de Nemours and Company*, 154 F Supp 3d 407, 422 (MD La 2015) (citation omitted); see also *Morgan*, 536 US at 107 and *Filer*, 690 F3d at 647. The incidents as pleaded must involve similar harassment perpetrated by a common supervisor. See *Stewart*, 586 F3d at 329, citing *Morgan*, 536 US at 120. Where the alleged incidents are of a wide-ranging variety and occur sporadically over a period of several years with no common supervisor involved, there isn't a single violation, and the doctrine doesn't apply. See *Lopez v Kempthorne*, 684 F Supp 2d 827, 892 (SD Tex 2010). Indeed, the Fifth Circuit holds that any attempt to establish a continuing violation is defeated by "a three year

break." *Butler v MBNA Technology Inc*, 111 F App'x 230, 234 (5th Cir 2004, *per curiam*) (citation omitted).

The incidents alleged here are plainly discrete and disconnected. For example, the barred claims concern alleged sexual harassment, "undermining of authority," and pregnancy-related accommodations by Lieutenants Neal, Hinkle, Gillespie, and Carpenter and Captain Galindo. See Dkt 52 at 8–13. By comparison, the non-barred claims concern transferring calls and speaking in a rude tone by Officer Williamson and Lieutenant Williams. See id at 13. The claims are thus of a wide-ranging variety and involve no common supervisor. See *Filer*, 690 F3d at 647–48 (earlier, exhausted claims unrelated in part because they involve different individuals).

The alleged incidents are also too sporadic. The complained-of events occurred in mid-2011, late 2013, and late 2015, with two-year gaps between them. See *Williams*, 154 F Supp 3d at 425 (distinguishing complaints involving different supervisors and occurring several years before the timely allegations); see also *Equal Employment Opportunity Commission v CRST Van Expedited Inc*, 615 F Supp 2d 867, 881–82 (ND Iowa 2009) (allegations involving different harassers, occurring at different times and locations under different circumstances didn't constitute a continuing violation). The continuing violation doctrine simply doesn't apply to Gray's allegations of sporadic incidents involving no common individual.

There's also no logical reason why those incidents which aren't time-barred would have alerted Gray of the need to report the alleged harassment or retaliation to the EEOC. Gray didn't contact an EEOC counselor in (i) 2011 when Lieutenant Neal allegedly sexually harassed her, (ii) July 2011 when Lieutenant Hinkle questioned Gray regarding her confidential reporting of fellow officers during a staff meeting, (iii) 2013 when Lieutenant Carpenter questioned her concerning an inmate injury, or (iv) 2015 when Lieutenants Carpenter and Gillespie questioned her instruction to an inmate concerning placement of a towel. By comparison, the two timely

incidents—being the misrouted call and the yelled instruction to report to the medical unit—aren't what "in fairness and logic" would have alerted "the average lay person to act to protect his rights." *Roberts*, 405 F App'x at 877. And that's particularly so where Gray claims that the time-barred events themselves had profound effects on her well-being when they occurred. For example, see Dkt 52 at 9.

It also bears mention that Gray also claims that she reported the various time-barred incidents within her chain of command. See Dkt 52 at 9–12. Such previous reporting further undermines invocation of the continuing-violation doctrine. Quite simply, if Gray believed these incidents were worthy of report to her chain of command, she was sufficiently aware of the need to preserve her claims with the EEOC long before her first contact in November 2015. See *Merriman*, 251 F App'x at 965 (finding continuing-violation theory weakened by multiple reports to supervisors).

Grey also appears to urge that a different continuing-violation framework should apply to law enforcement. Specifically, she argues that "first-line supervisors are interchangeable," inferentially meaning that the acts and actions of one should be imputed to all the others. In her view, superiors in her chain of command are "interchangeable" and should be "construed as a singular entity or actor." Dkt 52 at 5. Gray thus contends that the complained-of incidents—though they span across years and involve numerous individuals—constitute a single, common violation to which the continuing-violation doctrine applies. See id at 15–16. But Gray cites no legal support for her novel theory. And nothing persuasive suggests that Title VII applies to law enforcement in a manner different from any other class of employers and employees.

This leaves only the alleged incidents of November 2015 (when Officer Williamson allegedly sent Gray's phone calls to her telephone extension instead of to her radio) and January 2016 (when Lieutenant Williams yelled at Gray to

report to the medical department). Prior ruling fully explains why such instances fail to state a hostile work environment claim. See Dkt 46 at 14–16. Nothing in the third amended complaint alters that conclusion.

Thus, Gray's claim for a hostile work environment will again be dismissed.

### 4. Conclusion

The motion to dismiss by Defendants Merrick Garland and Michael Carvajal, in their capacities as United States Attorney General and Director of the Federal Bureau of Prisons respectively, is GRANTED. Dkt 55.

A previous motion to dismiss was granted without prejudice, with instruction to Gray that only "one further attempt to replead" would be permitted. Dkt 46 at 16. The present issues are essentially identical to those previously addressed, with Gray again failing to overcome the stated deficiencies.

All claims by Tarrika Gray against Defendants are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on April 18, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge